# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

TEKTON, INC.,

      Plaintiff,

v.                                        Case No. 1:24-cv-1000

BLAIR DOUGLASS,                     Hon.

      Defendant.

Amy E. Murphy (P82369)
Jeffrey A. Turner (P85291)
MILLER JOHNSON
Attorneys for Plaintiff
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, MI 49503
(616) 831-1700
murphya@millerjohnson.com
turnerj@millerjohnson.com

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Tekton, Inc. ("Tekton") brings this Complaint for Declaratory Judgment against Defendant Blair Douglass and states as follows:

1. This is a declaratory action to enforce settled precedent.

2. Title III of the Americans with Disabilities Act ("ADA") requires places of public accommodation to be accessible to individuals with qualifying disabilities. The Sixth Circuit has held that a place of public accommodation is only a physical place. "Title III covers only physical places." *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006, 1011 n.3 (6th

1

Cir. 1997) (en banc).  Title III of the ADA does not reach the services of businesses that have no physical place.

3. Defendant Blair Douglass, an attorney who has filed more than 200 ADA lawsuits against companies for websites that are allegedly not ADA-complaint, had no intention of visiting a brick-and-mortar Tekton store. Moreover, he could not: Tekton has no physical store locations or any other physical sites that are places of public accommodations.

4. Rather, Mr. Douglass merely visited Tekton's website and, claiming that certain parts of the website are inaccessible to individuals with disabilities, threatened to sue Tekton based on that standalone website visit.

5. Title III of the ADA does not reach this conduct. Tekton brings this declaratory action to confirm this point and obtain certainty to guide its immediately ongoing software development.

## PARTIES

6. Plaintiff Tekton, Inc. is a Michigan-registered corporation with its principal place of business at 3707 Roger B Chaffee Memorial Blvd SE, Grand Rapids, MI 49548.

7. Defendant Blair Douglass is an individual residing in Allegheny County, Pennsylvania.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, because it would have subject-matter jurisdiction over the underlying claims under the Americans with Disabilities Act, 42 U.S.C. § 12188(a)(1).

9. This Court has specific personal jurisdiction over Mr. Douglass because he visited the website of a Michigan-based company, sent a pre-litigation demand letter to Tekton in Michigan, sent and corresponded about a proposed agreement to Tekton in Michigan, and seeks injunctive relief to force changes to the Michigan operations of that company, including ongoing compliance auditing and writing new code for Tekton's website. This litigation arises from those contacts.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district, including Tekton's development and maintenance of its company's website and the demands for Tekton to make certain changes to its website.

## FACTUAL BACKGROUND

*Tekton has no places accessible to the public in any state.*

11. Tekton is a tool company. It designs, engineers, and makes hand tools, such as wrenches, sockets, and screwdrivers, for mechanics and other tool users primarily in North America.

12. Tekton has no brick-and-mortar store locations or any place of public accommodation.

13. When an individual seeks to purchase tools from Tekton's website, he is presented with the various categories of Tekton tools. From there, the individual can navigate through the website to the category of tool that he wants to purchase, and ultimately to the specific products. Once the individual has selected tools to purchase, he enters payment and shipment data. Tekton ships the products directly from its warehouse in Grand Rapids.

14. At no stage in the process does the purchaser interact with a physical storefront.

15. There is no option for an individual to buy tools online and pick up in-store. If an individual purchases tools through tekton.com, Tekton ships the tools directly to them.

16. Nor does tekton.com advertise any brick-and-mortar stores where third-party dealers sell Tekton tools.

17. Put simply, visitors to tekton.com are never directed to any physical storefront.

*Mr. Douglass allegedly visited Tekton's website to establish ADA non-compliance.*

18. Mr. Douglass is an attorney licensed in Pennsylvania.

19. On information and belief, Mr. Douglass is legally blind.

20. Mr. Douglass is an ADA "tester," meaning he visits websites with the intent of establishing that the websites are not accessible to individuals with disabilities.

21. He has filed more than 200 lawsuits against companies with websites that he deems noncompliant with the ADA. *See* **Exhibit A.**

22. On information and belief, Mr. Douglass (and/or a representative acting on his behalf) visited tekton.com in April 2024.

23. On information and belief, he used screen reader software—an artificial intelligence software that processes pictures on websites and describes the pictures verbally to the user—to navigate the website.

24. On information and belief, Mr. Douglass claims that his screen reader could not process certain features on tekton.com.

25. For instance, Mr. Douglass claimed to Tekton that screen readers cannot read drop-down menus, so he could not navigate the portion of the webpage where Tekton provides a drop-down list of tools that users can choose from.

*Mr. Douglass's attorney threatens litigation*

26. Instead of reaching out to Tekton for assistance with its website, Mr. Douglass contacted his attorney.

27. Soon after Mr. Douglass claimed to have visited tekton.com, his attorney emailed Tekton, raising the issue of website inaccessibility and suggesting changes.

Along with his email, the attorney sent Tekton an unfiled complaint against the company in the Court of Common Pleas of Allegheny County, Pennsylvania.

28. Tekton's Chief Information Officer, Jeff Amash, thanked Mr. Douglass's attorney for notifying Tekton and alerted him that Tekton was are already working on changes to its website like the ones suggested. **Exhibit B**.

29. In response, however, Mr. Douglass's attorney sent an onerous settlement demand that, among other things, demanded compensation and required that Tekton permit unknown third parties to oversee Tekton's website development. He included a proposed settlement agreement for Tekton to sign. **Exhibit C**.

30. When Tekton refused to submit to those terms, Mr. Douglass, through his counsel, threatened litigation. Those threats of litigation continued in additional communications between the parties, up until last week when Mr. Douglass's counsel stated that no further communications would be productive.

### *It is important to Tekton to resolve this controversy promptly*

31. Mr. Douglass's pre-litigation demands—that Tekton retain a third-party consultant to make changes to the company's website, that Tekton conduct ongoing trainings for employees responsible for the website, that Tekton perform quarterly testing on its website, and that Tekton's own service providers and third-party developers conform to certain accessibility standards—would impose substantial obligations on Tekton.

6

32. These obligations would require significant resources and dramatically shift the ongoing work of Tekton's web development team, who are currently making significant updates to Tekton.com.

33. Tekton needs legal certainty to direct its future actions and investment of time and resources in its website, employee training, and hiring.

34. The Western District of Michigan is the proper venue for this litigation. Tekton is at home in Michigan, and it is doubtful that Mr. Douglass would establish jurisdiction over Tekton or standing to sue Tekton in the Western District of Pennsylvania.

35. There have been two months of discussions between Tekton and Mr. Douglass, but this issue cannot be resolved without litigation.

36. The purpose of this declaratory judgment action is to clarify Tekton's legal duties for the future and ensure a timely answer to a question of significant importance to Tekton.

## COUNT I: DECLARATORY JUDGMENT

37. Tekton realleges and incorporates Paragraphs 1 through 36 as if set forth herein.

38. The Declaratory Judgment Act, 28 U.S.C. § 2201(a), states that the court "may declare the rights and other legal relations of any interested party seeking such declaration" in any "case of actual controversy within its jurisdiction."

39. There is an "actual controversy" in this matter because Mr. Douglass threatened litigation against Tekton, including sending demand letters, a proposed settlement agreement, and a proposed complaint, based on an alleged inability to access all features of tekton.com.

40. The court has federal-question jurisdiction over the underlying claim because the ADA is a federal statute providing a cause of action to private parties. 28 U.S.C. § 1331.

41. Substantively, Title III of the ADA requires private employers to provide reasonable accommodations to individuals with qualifying disabilities only in a "place of public accommodation." 42 U.S.C. § 12182(a).

42. A "place of public accommodation" under the ADA requires a physical location that serves the public.

43. Title III of the ADA applies only to physical places. *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006, 1011 n.3 (6th Cir. 1997).

44. Mr. Douglass seeks to impose liability on Tekton under the ADA because he allegedly could not access certain features on tekton.com with screen reader software.

45. Tekton is not subject to Title III of the ADA because it has no physical place from which the public can purchase its products.

46. Further, tekton.com is accessible to individuals with disabilities under the ADA.

47. Therefore, Tekton seeks a declaration that its website does not violate Title III of the ADA because Title III does not apply to the website of a business with no physical place of public accommodation, or, alternatively, a declaration that Tekton's website complies with the ADA.

**PRAYER FOR RELIEF**

Therefore, Tekton prays that this Court declare and adjudicate the rights of the parties as follows:

1. A binding declaration that 42 U.S.C. § 12182 does not apply to Mr. Douglass's visit to tekton.com because the website is not a "place of public accommodation" under the statute.

2. Alternatively, a binding declaration that Tekton did not violate 42 U.S.C. § 12182 because tekton.com does not discriminate against individuals with disabilities.

3. For costs of suit incurred, including attorneys' fees and costs. *See* 42 U.S.C. § 12205.

4. Such further relief as the Court may order.

MILLER JOHNSON
Attorneys for Plaintiff

Date:  September 24, 2024

By: /s/ *Amy E. Murphy*
Amy E. Murphy (P82369)
Jeffrey A. Turner (P85291)
45 Ottawa Ave SW, Suite 1100
Grand Rapids, MI 49503
(616) 831-1700
murphya@millerjohnson.com
turnerj@millerjohnson.com